IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 40863-9-III |
| | ) | |
| LLOYD L. HURD, | ) | |
| | ) | |
| Deceased. | ) | |
| _____ | ) | UNPUBLISHED OPINION |
| | ) | |
| DOROTHY PHILLIPS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHANE A. HURD, as an individual and | ) | |
| beneficiary and heir at law of the Estate of | ) | |
| LLOYD L. HURD; SHANE A. HURD, as | ) | |
| Personal Representative of the Estate of | ) | |
| LLOYD L. HURD; SHANE A. HURD | ) | |
| and DONNA L. HURD, a marital | ) | |
| community, the Estate of LLOYD L. | ) | |
| HURD, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — We review a dispute folded into two proceedings: a decedent's estate and a TEDRA action. Dorothy Phillips, the significant other of Lloyd Hurd, claims an interest in a residence titled in Lloyd's name and in which the two cohabitated for eight years. When Lloyd died, his son, Shane Hurd, probated the abode, transferred the house to himself, and sold the house to a third party, all without notice to Phillips. When Shane directed Phillips to move, within days, from her home of thirteen years, Phillips spontaneously balked and walked to the courthouse where she filed a TEDRA action. After the superior court consolidated the probate estate and the TEDRA proceeding, the court ordered Shane to tender the sales proceed into the registry of the court. When Shane failed to obey the order, the court declared him in contempt.

## FACTS

Dorothy Phillips and Lloyd Hurd met in 1988 and shared a committed intimate relationship for twenty years. In 2010, they purchased a residence in Otis Orchards for $98,000. Phillips sold her home and vehicle to help finance the purchase. From the proceeds of the two sales, she contributed $10,000 to the down payment of the couple's abode. The couple placed title and the mortgage solely in the name of Lloyd.

The couple lived at the Otis Orchards residence until Lloyd Hurd's death on March 13, 2018. When they first occupied the residence, the home needed

improvements, including "drywall, floors, ceiling, painting, and appliances." Clerk's Papers (CP) at 11. Dorothy paid for materials, and she and friends performed the remodeling tasks.

From 2010 until 2018, Lloyd Hurd and Dorothy Phillips shared resources and expenses. Phillips paid for utilities and food. Hurd paid the mortgage. They supported one another emotionally and held themselves out as a married couple. Phillips cared for Hurd during his illnesses.

Lloyd Hurd died intestate. Dorothy Phillips notified Lloyd's son, Shane Hurd, of the death. Shane, a resident of Arizona, traveled to Otis Orchards. Phillips informed Shane that she did not desire any of Lloyd's property, but she desired to reside in the couple's house. Shane commented that his father had desired that Phillips live on the Otis Orchards property for the rest of her life.

On May 10, 2018, Shane Hurd petitioned the superior court to open a probate. Shane gave Dorothy Phillips no notice of the proceeding. On the same day, the probate court appointed Shane as personal representative of Lloyd's estate. On November 6, 2018, when acting in that capacity, Shane executed a personal representative's deed transferring the Otis Orchards property to himself. He later conveyed the property to his marital community.

Dorothy Phillips did not file a claim or request distribution from the estate during probate, as she lacked knowledge of the proceeding. She understood Shane Hurd would keep his promise and the promise of his father. Shane continued to pay the mortgage. Phillips paid utilities and other monthly house bills.

On April 22, 2020, Shane Hurd confirmed in writing Dorothy Phillips' right to remain on the property. He wrote,

> To whom it may concern:
>
> My father, Lloyd Hurd passed away on March 13, 2018. Through the probate process, I inherited the home located at 5024 N Harvard Rd, Otis Orchards, Wa 99216.
> As I am a resident of the State of Arizona, I have retained the house as a second home. The primary reason is that I promised my father that I would keep the home so that his significant other, Dorothy Phillips would to continue to live there the rest of her life. Upon her death or otherwise desire to move, I will sell the home and utilize the proceeds to satisfy the mortgage and provide funds for the college educations of his two great granddaughters, as he wished.
> Dorothy resides there as a permanent resident and acts as a care taker for the home in my behalf.

CP at 42. We do not know to whom the letter may have concerned nor who read the letter.

Shane Hurd failed to complete and close the probate estate of Lloyd Hurd. On June 4, 2021, the clerk of the court administratively closed the probate proceeding for inactivity.

4

On October 27, 2023, Shane Hurd sold the Otis Orchards property to Easy Home Buyer, LLC, for $165,000 without providing notice to Dorothy Phillips. Shane then sent an undated letter to Phillips that informed her of the sale of the property. Shane demanded that Phillips vacate the property by November 1, 2023.

PROCEDURE

On December 20, 2023, Dorothy Phillips filed this TEDRA petition against Donna and Shane Hurd as individuals, Shane Hurd as the personal representative of the Estate of Lloyd Hurd, and Shane Hurd as the sole heir of Lloyd Hurd. As part of the petition, Phillips moved to reopen the probate of the Estate of Lloyd Hurd so the estate could be administered within the TEDRA action. She sought a declaratory judgment that awarded her an equitable share of the assets she acquired and commingled with Lloyd during their committed intimate relationship, that declared Shane's written and verbal promises of allowing her to live on the property for life created a constructive trust, that acknowledged Shane breached this agreement, and that deemed Shane and Donna Hurd unjustly enriched. Phillips further filed a motion for an order to show cause directing Shane and Donna Hurd to deposit the proceeds from the sale of the Otis Orchards property into the trial court registry.

Donna and Shane Hurd did not respond to the motion to show cause or to reopen the probate but instead moved to dismiss the TEDRA action for lack of jurisdiction. The Hurds emphasized the closure of the Estate of Lloyd Hurd, highlighted that no personal representative existed, underscored the distribution of all estate property, argued that Dorothy Phillips failed to file a creditor's claim with the estate, and contended that Phillips acquiesced in the probate proceedings. The Hurds also asserted that the statute of limitations barred Phillips' contention that she and Lloyd Hurd maintained a committed intimate relationship.

At the TEDRA initial hearing on February 2, 2024, the superior court ordered Shane Hurd to deposit the $165,000 in sale proceeds into the court registry. In a motion for reconsideration, Shane contested the court's jurisdiction. In support of the motion, he submitted a declaration avowing that he already spent the sale proceeds. The declaration did not explain how the money was spent. Shane avowed that he lacked the finances to deposit the funds. He provided no details of his finances. In turn, Phillips then moved for contempt.

On March 29, 2024, the superior court vacated the order closing the Lloyd Hurd probate estate proceeding and reopened the probate. The court also consolidated the TEDRA action with the probate proceeding.

On June 13, 2024, the superior court denied Shane Hurd's motion for reconsideration and ruled that he could purge the contempt by posting a $165,000 bond by July 15, 2024. Shane did not post the bond and instead sought discretionary review of the June 13 order. This court denied review.

The July 15, 2024, deadline to deposit the funds into the court registry passed without compliance. Dorothy Phillips then moved for contempt sanctions, attorney fees, and joinder of Easy Home Buyer, LLC. Shane did not respond and instead requested a continuance that the superior court denied.

The superior court conducted another hearing on October 11, 2024. At the conclusion of the hearing, the court found Shane and Donna Hurd in contempt. The court again ordered the Hurds to deposit the sale proceeds into the court registry. The court also imposed remedial sanctions of $100 per day until compliance.

LAW AND ANALYSIS

Shane and Donna Hurd assert two principal arguments on appeal. First, the superior court lacked jurisdiction to entertain this TEDRA action, thus rendering the underlying order of contempt void. Second, even assuming jurisdiction existed, the court could not impose contempt sanctions because their inability to comply with the order to tender funds. They had already spent the proceeds.

Jurisdiction

Donna and Shane Hurd note that Dorothy Phillips asserts a committed intimate relationship, seeks a declaratory judgment and a constructive trust, and pleads unjust enrichment. The Hurds then argue that Phillips may not litigate these causes of action under a TEDRA petition. They cite RCW 11.96A.030(2) that identifies the "matters" actionable under TEDRA.

Superior courts have original jurisdiction over real property and probate matters. WASH. CONST. art. IV, § 6. This includes authority to resolve "all matters concerning the estates and assets of . . . deceased persons." RCW 11.96A.020(1)(a).

TEDRA empowers the court with full and ample power and authority to administer and settle all matters concerning the estates and assets of incapacitated, missing, and deceased persons, including matters involving nonprobate assets. RCW 11.96A.020(1). TEDRA defines a "matter" as the "determination of any question arising in the administration of an estate or trust, or with respect to any nonprobate asset, or with respect to any other asset or property interest passing at death." RCW 11.96A.030(2)(c). The legislature imbued the court with the "full power and authority to proceed with such administration and settlement in any manner and way that to the court seems right and proper." RCW 11.96A.020(2).

In *In re Estate of Hayes*, 185 Wn. App. 567, 342 P.3d 1161 (2015), this court ruled that the legislature's grant of powers under TEDRA gave the trial court ample authority to resolve the termination of a farm lease on property owned by the decedent. The court so ruled despite RCW 11.96A.030(2)(c)'s definition of a "matter" not expressly including a declaration as to the legality of the termination of a lease.

This broad jurisdiction conferred by the Washington Constitution, together with the expansive authority granted under TEDRA, empowered the trial court to hear and decide Dorothy Phillips' claims. All of Phillips' causes of action arise from an asset owned by Lloyd Hurd at the time of the death. Phillips claims an interest in the property.

Donna and Shane Hurd next contend that Dorothy Phillips lacks standing under TEDRA. RCW 11.96A.030(2)(c)'s definition of "matter" also answers this contention. A "matter" includes a dispute as to ownership of any probate or nonprobate assets of the decedent and the propriety of any action of the personal representative of the estate. Phillips sues on these subject matters. Thus, she must have standing.

In their appeal brief, Donna and Shane Hurd suggest that Dorothy Phillips needed to assert her claims before the clerk administratively closed the estate. The Hurds emphasize that the estate no longer possesses any property and the time has passed for filing a creditor's claim. The Hurds present no law in favor of these arguments. The

Hurds fail to acknowledge that they are individual defendants in the TEDRA action.

The Hurds fail to recognize that the superior court reopened the estate. On appeal, the Hurds do not assign error to the superior court's reopening of Lloyd Hurd's probate proceeding, a reopening that allowed a challenge to actions previously taken by Shane Hurd particularly without notice to Phillips.

Contempt

The superior court may find a party in contempt under its inherent constitutional authority or under Title 7 RCW. *In re Dependency of A.K.*, 162 Wn.2d 632, 645, 174 P.3d 11 (2007). We will uphold an order of contempt on appeal if supported by substantial evidence. *Ramstead v. Hauge*, 73 Wn.2d 162, 167, 437 P.2d 402 (1968).

Substantial evidence supports the order of contempt against Shane and Donna Hurd. To preserve the status quo, the superior court ordered Shane to deposit the $165,000 in proceeds from the Otis Orchards home. Facts show Dorothy Phillips likely possesses an interest in the home because she paid part of the down payment, improved the home, and maintained a two-decade intimate committed relationship with Lloyd Hurd, in whose name title was held. Facts also demonstrate that Shane promised Phillips she could occupy the residence for the rest of her life.

Donna and Shane Hurd write in their appeals brief:

10

> [Depositing $165,000] is something Shane and the respondents are unable to do. The record is not disputed that a mortgage existed against the property at the time of sale and that Shane was compelled to sell the property because of financial hardship.

Opening Br. of Appellants at 19. The Hurds cite no page from the record in support of these assertions.

When a court issues an order, the law presumes that one can perform the actions required by the court. *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). The burden of production and the burden of persuasion rests on the party claiming an inability to comply with an order. *Moreman v. Butcher*, 126 Wn.2d 36, 40 (1995). The superior court did not require Donna and Shane Hurd to post the entire $165,000. Instead, the court granted the option to post a bond. The Hurds presented no financial records showing they could not either tender the $165,000 or the money needed to purchase a bond. They presented no financial documents showing how they expended the $165,000. They claim they paid a mortgage on the property but provided no closing documents or cancelled check to the mortgagee.

The court may impose remedial sanctions "for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." RCW 7.21.010(3). The superior court's imposition of remedial sanctions followed the procedural requirements of RCW 7.21.030.

11

The Hurds had disobeyed earlier orders to deposit the sale proceeds into the trial court registry. Upon a finding of contempt, the superior court may impose remedial sanctions of up to "two thousand dollars for each day the contempt of court continues." RCW 7.21.030(2)(b). The record shows no abuse of discretion. *T.S. v. Boy Scouts of America*, 157 Wn.2d 416, 423, 138 P.3d 1053 (2006).

## Attorney Fees

Dorothy Phillips seeks attorney fees on appeal under RAP 18.1 and RCW 11.96A.150. A prevailing party may recover such fees only when authorized by statute, agreement, or equitable principles. *Tacoma Northpark, LLC v. NW, LLC*, 123 Wn. App. 73, 84, 96 P.3d 454 (2004). RCW 11.96A.150(1) grants this court discretion to "order costs, including reasonable attorneys' fees, to be awarded to any party" in proceedings governed by TEDRA. We grant Phillips reasonable attorney fees and costs because Donna and Shane Hurd have failed to justify their failure to post a bond.

## CONCLUSION

We affirm the superior court's order of contempt and grant Dorothy Phillips reasonable attorney fees and costs on appeal.

No. 40863-9-III
*Phillips v. Hurd*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Murphy, J.

_____
Cooney, J.